*ISAAC N. THORNE, RESPONDENT, v. JOHN [321]
YONTZ AND CHARLES E. ALLEN, APPELLANTS.

NEGOTIABLE INSTRUMENT BEFORE MATURITY.—A negotiable promissory note, the
  consideration of which is against public policy, when transferred to an inno-
  cent holder before its maturity, is purged of the objection, and must be
  enforced.

APPEAL from the Fourth Judicial District.

This was an action upon a promissory note, made by de-
fendants, in favor of H. Haight or bearer.

The answer of defendants averred that they were residents
of San Jose, and were much interested in its welfare, and
were solicitous and desirous of its becoming the permanent
capital of the State; that under these circumstances, they
were induced to believe, from the representations of Mc-
Dougall and Estell, that they could, and would, by their
political influence and exertion, procure the ensuing session
of the Legislature to be held at said City of San Jose, as
the archives were then about being removed from San Jose
to Vallejo; and defendants further averred, that said Estell
informed them that he owned, or at least controlled, the
building then intended to be used for the State House at
Vallejo, and that, if certain things were done, among others,
that these two notes should be executed, he could prevent
the Legislature aforesaid from meeting or holding their
ensuing session at Vallejo, and would do it, or procure it to
be done.

The defendants averred that these were the sole induce-
ments for signing said note; that they were advised by their
counsel, and so believe the fact to be, that said note sued
on in this action, was and is wholly without legal considera-
tion, and absolutely void.

The cause was tried by the Court, sitting without a jury,
by consent, and rendered the following finding and con-
clusions of law:

1st.   That this suit is brought to recover on an ordinary

[322]    ne- *gotiable note, which note was duly executed by the said defendants, and was by them sent into circulation voluntarily, and without anything appearing on the face thereof, to restrain or inhibit its free circulation.

2d.    That about thirty days before the said note became due, it came to the hands of one Ruckel, who received it in payment of a debt, in good faith, and without notice of any illegality or failure in the consideration thereof.

3d.    That when the said note fell due, the said Ruckel presented the same to one of the defendants for payment, who made no objection to the payment thereof, except that it had fallen due sooner than he had anticipated; and that afterwards said Ruckel passed the said note to one Randall, in payment of a debt, who passed the same to the present plaintiff, who is now denied to be the lawful holder and owner thereof.

4th.    That the said note was given for the payment of the sum of five hundred dollars, and fell due on the 21st of November, 1851; and that the interest thereon, at the rate fixed by law, is one hundred and two dollars, and upwards.

5th.    That the original consideration for which the said note was given, was to obtain the political influence of one James M. Estell and others, to procure the removal of the State capital from Benicia to the City of San Jose; that such consideration was illegal, being against public policy, and that the same wholly failed.

And the Court doth decide the conclusions of law in this action to be as follows: That the said Ruckel, having received the said note before it became due, in payment of a debt, without notice and in good faith, became a *bona fide* holder thereof, in whose hands the same became purged of all defects, by reason of the illegality or failure of its consideration, and at whose suit the defense, herein interposed, could not avail; and that any subsequent assignee from the said Ruckel is equally entitled; and, therefore, the defense herein interposed, of illegality and failure of the original consideration of said note cannot obtain in the present action.

Wherefore, it is considered by the Court now here, and ordered and adjudged, that the said plaintiff do have and recover *against the said defendants the said    [323] sum of six hundred and two dollars, being the amount of said note and interest due thereon.

The defendants appealed.

*C. E. Mount,* for Appellants.

*Wm. J. Shaw,* for Respondent.

Mr. Justice HEYDENFELDT delivered the opinion of the Court.    Mr. Ch. J. MURRAY concurred.

The consideration of the note was clearly against public policy, but it was made to take the form of commercial paper, and having been transferred to an innocent holder before its maturity, in his hands it is purged of the objection, and must be enforced.    It is similar to the case of *Haight* v. *Joyce,* 2 Cal. 64.

Judgment affirmed.